# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARJINDER SINGH,                    :
       Petitioner,              :   **Civil No. 1:08-CV-1713**
                                 :
       v.                        :   **(Chief Judge Kane)**
                                 :
MICHAEL CHERTOFF, et al.,           :
       Respondents               :

## MEMORANDUM ORDER

On August 17, 2007, Petitioner filed a petition for declaratory and injunctive relief in the Eastern District of Pennsylvania. (Doc. No. 1.) On August 22, 2008, upon motion of Petitioner, Judge Harvey Bartle III ordered that the case be transferred to the Middle District of Pennsylvania. (Doc. No. 14.)  A case management conference was held before this Court on January 20, 2009.  On January 21, 2009, the Court issued an order placing the case on the standard management track, with discovery due by May 1, 2009, and trial set for November 2, 2009. (Doc. No. 23.)

On April 22, 2009, Respondents submitted an unopposed motion to continue and reset the deadlines in the case management order. (Doc. No. 24.)  In their motion, Respondents averred to the Court that they had diligently attempted to conduct all discovery by the deadline of May 1, 2009. (Doc. No. 24 ¶ 6.)  Respondents stated that on March 25, 2009, their counsel had contacted Petitioner's counsel to arrange for Petitioner's deposition, and that such deposition had been scheduled for April 24, 2009. (Id. ¶ 7-9.)  However, Respondents informed the Court that Petitioner's counsel had since advised them that he was planning to withdraw his representation. (Id. ¶ 12.)  Petitioner's counsel informed Respondents that he did not believe that Petitioner would appear for the scheduled deposition because Petitioner had not shown up for any appointments with counsel. (Id. ¶ 13.)

On April 23, 2009, Petitioner's counsel submitted his motion to withdraw. (Doc. No. 25.) Petitioner's counsel advised the Court that Petitioner had failed to communicate with counsel and otherwise to prepare for or attend Petitioner's deposition. (Id.) That same day, the Court granted Respondents' motion to continue deadlines and ordered a telephone conference for May 12, 2009. (Doc. No. 26.) Petitioner's counsel was directed to use his best efforts to have Petitioner available at the time of the call. (Id.) The telephone conference was rescheduled and held on May 19, 2009. Petitioner did not appear with his counsel for the hearing. Petitioner's counsel indicated to the Court that he had not spoken with his client since April 10, 2009. Petitioner's counsel further indicated that he had no evidence that his client was unable to get in contact with him.

On May 21, 2009, the Court entered an order granting Petitioner's counsel's motion to withdraw from representing Petitioner in this action. (Doc. No. 29.) The Court ordered that a copy of the order granting counsel's motion to withdraw be served on Petitioner at his listed address. (Id.) The Court also ordered that Petitioner show cause by June 16, 2009, why this case should not be dismissed for failure to prosecute. (Doc. No. 30.) In the show cause order, the Court noted that Petitioner's failure to respond may result in the Court finding that Petitioner had abandoned his claims, and that the action may be dismissed without further notice. (Id.) It has been over six months since the show cause order deadline passed, yet Petitioner has failed to respond.

A District Court should provide a plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders prior to dismissing a case sua sponte. Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008). After a plaintiff is given an opportunity to be heard, the Third Circuit has outlined the analysis a district court should undergo before

dismissing a case for failure to prosecute, explaining that the trial court should balance the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted). "Each factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003) (citing Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988)). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal . . . is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

First, with respect to Petitioner's personal responsibility, Petitioner is now proceeding without counsel, as his previous counsel has been allowed to withdraw. (See Doc. Nos. 25, 29.) Therefore, Petitioner's failure to comply with this Court's orders cannot be blamed on his counsel. See Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). Neither can it be said that the Court relies only on the communication of Petitioner's counsel, see Briscoe v. Klaus, 538 F.3d 252, 259 (3d Cir. 2008), since the Court has specifically asked Petitioner to show cause and has received no response. Therefore, this factor clearly weighs in favor of dismissal.

The Court next addresses the prejudice to the adversary caused by Petitioner's failure to prosecute his claim. "Generally, prejudice includes the irretrievable loss of evidence, the inevitable dimming of witnesses memories, or the excessive and possibly irremediable burdens

or costs imposed on the opposing party." Briscoe, 538 F.3d at 259 (internal quotation marks and citation omitted). Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Id. (citing Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)). It is a disadvantage to Respondents to allow this case to continue to linger indefinitely. Discovery was originally due May 1, 2009; however, this case has laid dormant since that time. Petitioner has given no indication that he plans to return to this case. Therefore, the prolonged burden on Respondents weighs in favor of dismissal.

Third, the procedural history of this case reflects dilatoriness, as Petitioner failed to communicate with his own counsel about the case (see Doc. No. 25), failed to prepare for his own deposition (id.), and has now failed to respond or even acknowledge this Court's May 21, 2009 show cause order that became due on June 16, 2009 (see Doc. No. 29). As a result, it has now been over six months since the Court's show cause order became due, and Petitioner has given no indication whatsoever that he intends to return to prosecute his case. This factor also weighs in favor of dismissal.

With regard to the fourth Poulis factor, since Petitioner has given no notice about his status, the Court is unable to conclude whether Petitioner's conduct in failing to respond is in bad faith. However, Petitioner has provided no reason for his failure to comply with Court orders, and has made no contact with the Court – even after the Court reached out to allow Petitioner to show cause. Accordingly, his failure to do so must be deemed willful. See Briscoe, 538 F.3d at 262 (finding plaintiff was not willful where he was not given an opportunity to explain his reason for failing to attend a hearing). This factor also weighs in favor of dismissal.

Regarding the fifth Poulis factor, the Court is unable to find an alternative sanction to

4

dismissing Petitioner's case. "[W]hen a Plaintiff fails to prosecute his action, outside of dismissal of the action, the Court cannot envision a sanction that would be appropriate." Briscoe, 538 F.3d at 262 (adopting conclusion of district court). There is no other sanction to bring about Plaintiff's compliance with the Court's order. This factor weighs in favor of dismissal.

Generally, in determining whether a plaintiff's claim is meritorious, a court is to use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. Briscoe, 538 F.3d at 263 (citing Poulis, 747 F.2d at 869-70). Petitioner's action is for declaratory judgment to seek a review of his application for naturalization. (Doc. No. 1 ¶ 1.) Petitioner also seeks an injunction to prevent Respondents from excluding him as a naturalized citizen. (Id. ¶ 2.) In his petition, Petitioner avers that he is a native and citizen of India who became a United States permanent resident on September 29, 1997. (Id. ¶ 8.) Petitioner claims he filed an application for naturalization in 2004, but that the application was denied on January 10, 2006. (Id. ¶ 9.) The denial of his application was affirmed by Respondents on May 10, 2007. (Id. ¶ 11.) Petitioner avers that his application was denied based on the finding that he made false statements in his application; but Petitioner avers that there was an error in his records based on a case of mistaken identity. (Id. ¶¶ 14-15.) Petitioner's claim may have merit on its face. However, Respondents have averred that Petitioner's claim of mistaken identity is disproved by a fingerprint comparison that matches him with the person who he claims falsely used his name. (Doc. No. 19 ¶ 15.) Therefore, "[t]he meritoriousness factor is neutral and not dispositive." Emerson, 296 F.3d at 191.

Though the merits of the claim may be colorable, the Court finds that when that likelihood is balanced against the other Poulis factors and Petitioner's failure to comply with this

Court's order, dismissal is warranted in this case. Petitioner has been given over six months to

respond to this Court's show cause order, and has made no indication whatsoever that he plans to

pursue his claims.

   **AND NOW**, this 3rd day of February 2010, **IT IS HEREBY ORDERED** that:

   1) Petitioner's case is **DISMISSED** for failure to prosecute pursuant to Federal
   Rule of Civil Procedure 41(b).

   2) The Clerk of Court is directed to close the case.

                                         S/ Yvette Kane
                                         Yvette Kane, Chief Judge
                                         United State District Court
                                         Middle District of Pennsylvania